UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ROSE,

  Petitioner,

              CASE NO. 5:15-CV-11963
v.             HONORABLE JOHN CORBETT O'MEARA

CATHERINE BAUMAN,

  Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO AMEND,
CORRECT, AND ADD SUPPLEMENTAL ARGUMENTS**

  Michigan prisoner Willie Rose ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is incarcerated in violation of his constitutional rights. Petitioner has submitted his habeas petition, Respondent has filed an answer to the petition and the state court record, and Petitioner has filed a reply to that answer. This matter is before the Court on Petitioner's motion to amend, correct, and add supplemental arguments. In his motion, Petitioner raises complaints about his treatment by prison officials, including claims of retaliation and the mishandling of mail, and appears to raise a claim concerning the denial of bail during his criminal proceedings.

  The Court has discretion to allow the amendment of habeas pleadings. *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. R. Civ. P. 15(a). Petitioner's motion, however, must be denied. First, as to any claims concerning his treatment by prison officials, such claims are not properly brought in a habeas action. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2254 or 2241. *Alston v. Gluch*, 921 F.2d 276, 1990

WL 208674 (6th Cir. Dec. 4, 1990); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004). Rather, such claims are more properly brought in a civil rights action pursuant to 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Martin v. Zych*, No. 2:09-10423, 2009 WL 398166, *2 (E.D. Mich. Feb. 17, 2009). The Court will not allow Petitioner to amend his habeas pleadings to add inappropriate claims.

Second, as to Petitioner's bail claim, it is well-settled that a state prisoner filing a habeas petition under 28 U.S.C. §2254 must exhaust available state court remedies as to all of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has exhausted his proposed bail claim in the state courts. The Court will not allow Petitioner to amend his petition to add an unexhausted claim.

2

Moreover, Petitioner has not shown good cause for his delay in presenting the bail claim to this Court and/or for failing to exhaust the claim in the state courts. Petitioner knew or could have known of the facts underlying his bail claim at the time of his state court proceedings and when he filed his federal habeas petition. An amendment at this late date is unjustified.

Accordingly, the Court **DENIES** Petitioner's motion.

**IT IS ORDERED.**

                                         s/John Corbett O'Meara
                                         United States District Judge

Date: September 19, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 19, 2017, using the ECF system and/or ordinary mail.

                                         s/William Barkholz
                                         Case Manager