UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ROSE, #235893,

        Petitioner,

                             CASE NO. 5:15-CV-11963
v.                              HONORABLE JOHN CORBETT O'MEARA

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Willie Rose ("Petitioner") has filed a pro se petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Wayne County Circuit Court and was sentenced to 16 to 30 years imprisonment on the assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2012. In his petition, he challenges the validity of his plea and the effectiveness of defense counsel. For the reasons stated, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from an incident in which he shot his girlfriend in the head in an attempt to kill her, but she survived the shooting. On August 10, 2012, he pleaded guilty to assault with intent to commit murder, felon in possession of a firearm, and felony firearm in exchange for the dismissal of additional counts, the dismissal of a fourth habitual offender sentencing enhancement, and a sentencing agreement of 12 to 30 years imprisonment on the assault charge, a concurrent term of one to five years imprisonment on the felon in possession charge, and a consecutive term of two years imprisonment on the felony firearm charge. *See* 8/10/12 Plea Hrg. Tr., pp. 6, 17. Petitioner also signed a written agreement on that date. *See* 8/10/12 Settlement Offer and Notice of Acceptance.

At a hearing on September 26, 2012, the trial court stated that the sentencing agreement fell below the calculated guideline range such that it would not accept Petitioner's plea. The court mistakenly indicated that it had not "accepted" the plea at the prior proceeding. *See* 9/12/2012 Plea & Sent. Hrg. Tr., pp. 5, 15-16. The court outlined a revised sentencing agreement of 16 to 30 years imprisonment on the assault charge. *Id*. at pp. 3-4. The court also conducted a new, full plea colloquy during which Petitioner pleaded guilty to the same three offenses in exchange for the dismissal of additional charges and the dismissal of a fourth habitual offender sentencing enhancement, but with a revised sentencing agreement of 16 to 30 years imprisonment on the assault charge (the other sentences remained the same). *Id.* at pp. 3-15. Defense counsel noted, and the court agreed, that the prior plea should be officially withdrawn, and it was so withdrawn. *Id.* at p. 15. Petitioner also signed a new written agreement. *See* 9/26/12 Settlement Offer and Notice of Acceptance. Without objection, the trial court sentenced Petitioner to 16 to 30 years imprisonment

on the assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. *See* 9/26/12 Plea & Sent. Hrg. Tr., pp. 17-18.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that he should be given specific performance of his original plea and sentencing agreement and that defense counsel was ineffective for advising him to accept the amended plea and sentencing agreement. The court denied the application for lack of merit in the grounds presented. *People v. Rose*, No. 314483 (Mich. Ct. App. Oct. 9, 2013) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Rose*, 495 Mich. 978, 843 N.W.2d 764 (2014).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. He is entitled to specific performance of his original plea and sentencing agreement.

II. He received ineffective assistance of counsel in violation of his state and federal constitutional rights.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

**III.  Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*

*v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-

72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, the Court concludes that the state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

**IV.    Analysis**

Petitioner asserts that he is entitled to habeas relief because he believes that he should be given specific performance of his original plea and sentencing agreement with a term of 12 to 30 years imprisonment on the assault conviction and because he believes defense counsel was

---

[1]The Court would reach the same result under a de novo standard of review.

ineffective for advising him to accept the amended plea and sentencing agreement.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 38 years old at the time of his plea and was familiar with the criminal justice system as a repeat offender. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the amended plea and sentencing agreement, the fact that the original plea would be withdrawn, and the consequences of the plea. Petitioner indicated he understood the amended plea and sentencing agreement, that he wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the agreement, and that he was pleading guilty of his own free will.

7

He also signed a written form which outlined the terms of the amended plea and sentencing agreement. Petitioner fails to show that his guilty plea was involuntary. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner contends that he is entitled to specific performance of his initial plea and sentencing agreement with the sentence of 12 to 30 years imprisonment (as opposed to 16 to 30 years imprisonment) on the assault conviction because the trial court accepted that initial plea at the August 10, 2012 hearing before subsequently rejecting it due to the sentencing guidelines calculation on September 26, 2012. The Court disagrees. First, to the extent that Petitioner asserts that *Santobello v. New York*, 404 U.S. 257 (1971), entitles him to specific performance of the initial plea and sentencing agreement, he is mistaken. *Santobello* applies to claims involving an alleged breach of a plea agreement by the prosecution, not to claims involving a trial court's refusal to accept a plea agreement. *See, e.g., Brown v. McKee*, 340 F. App'x 254, 257 (6th Cir. 2009).

Second, the United States Supreme Court has clearly stated that a criminal defendant does not have a federal constitutional right to have a plea accepted by a judge. *See Missouri v. Frye*, 566 U.S. 134, 148-49 (2012) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)); *see also Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Moreover, even under Michigan law, a criminal defendant does not have the right to specific performance of a plea and sentencing agreement. *See People v. Killebrew*, 416 Mich. 189, 209, 330 N.W.2d 834 (1982). Rather, the judge retains his or her freedom to choose a different sentence, but must give the defendant the opportunity to affirm or withdraw the guilty plea. *Id*. at 209-10; Mich. Ct. R. 6.310(B)(2)(a); *see also People v. Franklin*, 491 Mich. 916, 813 N.W.2d 285 (2012); *People v. Bridinger*, No. 294 616, *1-2 (Mich. Ct. App.

8

Jan. 4, 2011) (unpublished).

In this case, after the trial court indicated that it would not accept the 12-year minimum sentence on the assault charge contained in the initial plea and sentencing agreement, Petitioner agreed to the 16-year minimum sentence on the assault charge contained in the amended plea and sentencing agreement and affirmed his guilty plea before the trial court. He had every opportunity to reject the amended plea offer and proceed to trial, but instead he knowingly and voluntarily chose to accept it and withdraw his initial plea. Petitioner thus fails to establish a constitutional violation, *see, e.g., United States v. Zuniga*, 553 F.3d 1330, 1336-37 (10th Cir. 2009) (finding no due process violation where defendant accepted revised plea agreement providing for longer sentence as armed career criminal), or that he is otherwise entitled to specific performance of the initial plea and sentencing agreement. Habeas relief is not warranted on this claim.

Petitioner also fails to show that defense counsel was ineffective in advising him during the plea proceedings. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable

9

probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner fails to establish that defense counsel was ineffective. The record indicates that Petitioner faced additional charges, a habitual offender sentencing enhancement, a very lengthy minimum sentence under the guidelines, including the potential for a life sentence, without a plea

bargain. Counsel was able to secure a favorable plea and sentencing agreement on Petitioner's behalf with respect to the initial and amended agreements. When the trial court indicated that it would not accept the 12-year minimum sentence on the assault charge, and was not required to do so (as discussed *supra*), counsel reasonably advised Petitioner to accept the 16-year minimum sentence on that charge. Petitioner fails to establish that defense counsel misadvised him or otherwise acted unreasonably.

Moreover, even if Petitioner was misinformed by counsel in some way, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The trial court conducted a sufficient colloquy as to the terms of the amended plea and sentencing agreement and its consequences during the September 26, 2012 hearing. Petitioner acknowledged his understanding of such matters and confirmed that he wanted to plead guilty pursuant to that agreement. He raised no objections or concerns at the time of that hearing.

Lastly, the Court notes that Petitioner fails to show that he was prejudiced by counsel's conduct, *i.e.*, that but for counsel's advice, he would have rejected the amended plea and sentencing agreement and insisted on going to trial. To be sure, the potential evidence against him, which included the victim's testimony, was significant and he faced a fourth habitual offender sentencing enhancement with the potential for a life sentence. Petitioner fails to establish that defense counsel was ineffective. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary and that he received all the process he was due. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date:  December 19, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 19, 2017, using the ECF system and/or ordinary mail.

<u>s/William Barkholz</u>
Case Manager