UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ROSE, #235893,

        Petitioner,

                                 CASE NO. 15-11963
v.                                 HONORABLE MARK A. GOLDSMITH

CATHERINE BAUMAN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S POST-JUDGMENT MOTIONS AND TRANSFERRING CASE TO THE SIXTH CIRCUIT

This matter is before the Court on Petitioner's pro se motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6) (Dkt. 34), as well as an amended habeas petition (Dkt. 33), a motion to add pages/exhibits to that amended petition (Dkt. 36), a motion for discovery and evidentiary hearing (Dkt. 35), a motion to add documents (Dkt. 40), a motion to resubmit exhibits (Dkt. 41), and a motion for copies of documents he filed in his case since November 6, 2019 (Dkt. 42) arising from the Court's denial of his federal habeas petition on December 19, 2017 (Dkt. 21). Following the Court's dispositive decision, the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. Rose v. Horton, No. 18-1079 (6th Cir. May 2, 2018) (Dkt. 30).[1] The United States Supreme Court denied certiorari. Rose v. Horton, No. 18-6614, _ U.S. _, 139 S. Ct. 829 (Jan. 8, 2019) (Dkt. 32). The instant motions and amended habeas petition were filed on November 5, 2019, November 8, 2019, December 19, 2019, and January 9, 2020.

In his motion for relief from judgment, Petitioner contests the Court's denial of his habeas petition and seeks relief under Federal Rule of Civil Procedure 60(b)(6). Under Federal Rule of

_____
[1] References to docket numbers refer to entries in this case, No. 15-11963.

Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1); <u>Conner v. Attorney General</u>, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily [depend] on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." <u>Olle v. Henry & Wright Corp.</u>, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. <u>Waifersong, Ltd. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year or within a reasonable time. The Court dismissed his habeas petition in 2017, and he filed his current motion in 2019. Petitioner fails to provide an explanation for the two-year delay in filing his motion. His motion is therefore untimely.

Additionally, as to the merits, Petitioner fails to present any facts or valid arguments which show that the Court erred in denying habeas relief and dismissing his original habeas petition, or

that the interests of justice warrant re-opening his case. To the extent that Petitioner re-argues issues previously addressed by the Court and raises issues which could have been presented in his initial habeas proceeding through the exercise of reasonable diligence, his allegations do not warrant the extraordinary remedy he seeks in this action. Petitioner fails to show that the Court erred in denying his original habeas petition or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(b). Accordingly, the Court denies Petitioner's motion for relief from judgment and declines to re-open this case. Given this determination, the Court also denies Petitioner's motions to add or resubmit pages and exhibits; for discovery and evidentiary hearing; and to receive copies of documents that he has filed in this case.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. See Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010) (citing United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id.

With Slack v. McDaniel in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Missouri v. Birkett, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012);

Carr v. Warren, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing

Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)). In this case, Petitioner fails to show that

jurists of reason would find it debatable that the Court abused its discretion by denying his Rule

60(b) motion. Accordingly, the Court denies a certificate of appealability.

Additionally, to the extent that Petitioner raises new habeas claims or issues in his amended

habeas petition and/or his motion for relief from judgment that were not raised in his initial habeas

petition, his pleadings constitute a second or successive habeas petition, which requires appellate

authorization before filing. See Tyler v. Anderson, 749 F.3d 499, 506-507 (6th Cir. 2014)

(discussing when a post-judgment motion constitutes a second or successive petition). A motion

for relief from judgment which seeks to advance one or more substantive claims following the

denial of a habeas petition is classified as a "second or successive habeas petition," which requires

authorization from the Court of Appeals before filing pursuant to the provisions of 28 U.S.C.

§ 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); Brooks v. Bobby, 660 F.3d 959,

962 (6th Cir. 2011). Such motions include a motion seeking leave to present a claim that was

omitted from the habeas petition due to mistake or excusable neglect, a motion seeking leave to

present newly discovered evidence not presented in the petition, and a motion seeking relief from

judgment due to an alleged change in the substantive law since the prior habeas petition was

denied. See Gonzalez, 545 U.S. at 531; Brooks, 660 F.3d at 962.

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A).  See Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998).  Consequently, his amended habeas petition and/or Rule 60(b) motion must be transferred to the Sixth Circuit for such a determination.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).  Accordingly, the Court orders the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

SO ORDERED

Dated:  February 21, 2020                    s/Mark A. Goldsmith
          Detroit, Michigan                  MARK A. GOLDSMITH
                                             United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2020.

                                             s/Karri Sandusky
                                             Case Manager