UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ROSE, #235893,

        Petitioner,

                              CASE NO. 15-11963
v.                            HONORABLE MARK A. GOLDSMITH

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION & ORDER**
**(1) DENYING PETITIONER'S MOTION TO ALTER OR AMEND (DKT 70) AND (2) DENYING PETITIONER'S MOTION FOR RECUSAL (Dkt. 71)**

This matter is before the Court on two motions by Petitioner Willie Rose. The first is a motion to alter or amend several of the Court's prior orders (Dkt. 70). The second is a motion demanding that the undersigned recuse himself from the case (Dkt. 71). Both motions are denied.

### I. THE MOTION TO ALTER OR AMEND PREVIOUS ORDERS

Petitioner's motion to amend or alter several of the Court's previous orders, brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1, must be denied. Successful motions for reconsideration require that the movant "demonstrate a palpable defect" and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration presenting issues already ruled upon by a district court, either expressly or by reasonable implication, will not be granted. Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner raises only such issues in his motion. The Court properly denied habeas relief and post-judgment relief for the reasons stated in its prior opinions and orders. Petitioner

1

fails to meet his burden of showing a palpable defect by which the Court has been misled and his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Moreover, the United States Court of Appeals for the Sixth Circuit has recently issued an order denying Petitioner's request for a certificate of appealability and denying his request for authorization to file a second or successive habeas petition. Rose v. Campbell, Nos. 20-1187/20-1220 (6th Cir. June 18, 2020). As a result, no further pleadings should be filed in this case; any future pleadings may be stricken. Additional requests for appeal or review should be directed to the Sixth Circuit. This case remains closed.

## II. THE MOTION FOR RECUSAL

Petitioner also filed a motion seeking an order that the undersigned recuse himself pursuant to 28 U.S.C. § 455(a) and § 455(b)(1). Those portions of the statute state the following:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455.

"[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise. . . . The burden is not on the judge to prove that he is impartial." Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007) (internal quotation marks and citation omitted). A motion under § 455 does not require a court to accept, as true, factual allegations made by the party seeking recusal; rather, a court is free to make credibility determinations and contradict the party's alleged facts with facts drawn from the judge's own personal knowledge. Id. at 353-354. Furthermore, "bias cannot be inferred from a mere pattern

of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be." Id. at 359 (internal marks and citation omitted).

Petitioner attempts to do exactly what Scott prohibits—use adverse rulings alone to support the inference that the undersigned is biased against him. See Recusal Mot. at 5 (arguing that the Court's previous order could not be explained by any rational basis, except to cause Petitioner legal injury); id. at 8 ("By Judge Goldsmith declaring that Rose's 60(b)(6) motion was untimely in violation of [precedent] when it clearly wasn't[,] reasonable jurist [sic] could conclude that Judge Goldsmith has a personal bias and interest in seeing this case come to a close that he personally prefers . . ."); id. at 9-10 ("In other words there can not [sic] be a rational basis made for these actions except for judicial bias interest [sic] in seeing this case come to a personal desired outcome which favors the state.").[1] He offers no theory, much less any proof, explaining why the undersigned would be biased against him.

Against this complete lack of evidence, the undersigned weighs his assured knowledge that he has not acted with any bias, and has instead impartially endeavored to apply the law correctly to the facts of this case. Petitioner has not met his substantial burden of proving that the undersigned has failed to act with impartiality. Accordingly, Petitioner's motion is denied.

### III. CONCLUSION

For the reasons stated above, Petitioner's two motion (Dkt. 70, 71) are denied.

SO ORDERED.

Dated: February 11, 2021　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Capitalization errors in quotations from Petitioner's motion have been corrected, without notation in each instance.

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2021.

                                              s/Karri Sandusky
                                              Case Manager